UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

ROBERT RAMSEY,

        Petitioner,        Case No. 1:15-cv-641

v.        Honorable Paul L. Maloney

BONITA HOFFNER,

        Respondent.
_____/

## ORDER OF TRANSFER
## TO SIXTH CIRCUIT COURT OF APPEALS

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.[1] Petitioner is confined at Lakeland Correctional Facility.

Following a jury trial in the Wayne County Circuit Court, Petitioner was convicted of first-degree premeditated murder, MICH. COMP. LAWS § 750.316(1)(a), and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. On September 1, 2004, Petitioner was sentenced to a prison term of two years for the felony-firearm conviction and to a consecutive life term for the murder. After appealing to both the Michigan Court of Appeals and the Michigan Supreme Court,

---

[1] Petitioner contends that he seeks relief under 28 U.S.C. § 2241, not § 2254. A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. *See Rittenberry v. Morgan*, 468 F.3d 331, 336-37 (6th Cir. 2006). All such applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ – to both federal and state prisoners. *Id.* Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to the procedural requirements of § 2254. *Id.*; *see also Thomas v. Crosby*, 371 F.3d 782, 803 (11th Cir. 2004); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). Petitioner brings this action seeking relief from custody from a state court judgment. His action, therefore, is governed by § 2254.

Petitioner filed his first habeas petition in the Eastern District of Michigan. *See Ramsey v. Berghuis*, No. 2:07-13563 (E.D. Mich.). After a full review of the review of the record, the court issued an opinion and judgment denying the petition on the merits. *Id.* (Op. & J. Sept. 30, 2009). Petitioner subsequently filed two additional habeas actions, both of which were transferred to the Sixth Circuit as second or successive. *See Ramsey v. Haas*, No. 2:14-cv-12759 (E.D. Mich. Jul. 24, 2014); *Ramsey v. Hoffner*, No. 2:15-cv-11083 (E.D. Mich. Apr. 20, 2015).

Petitioner now has filed his fourth habeas action. Because Petitioner's first habeas action was filed after the enactment of the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA), his current petition is subject to the "second or successive" provision set forth in 28 U.S.C. § 2244(b). *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard).[2] A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McCleskey v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

---

[2]When the initial petition is filed before the enactment of the AEDPA on April 24, 1996, the district court must analyze whether the second or successive habeas petition would have survived under the pre-AEDPA abuse of the writ standard. *Cress*, 484 F.3d at 852. That standard does not require authorization from the court of appeals. *Id.*

A prior dismissal with prejudice has a preclusive effect under § 2244, though a prior dismissal without prejudice does not. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). Both dismissals on the merits and certain types of decisions reached before a merits determination are dismissals with prejudice that have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). For example, a dismissal with prejudice based on procedural default is "on the merits" and, thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *Altman v. Benik*, 337 F.3d 764 (7th Cir. 2003) (prior untimely federal habeas corpus petition counts as "prior application" for purposes of limitations on second or successive petitions). Petitioner's previous habeas action was dismissed on the merits; thus the instant petition is second or successive. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Therefore:

IT IS ORDERED that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

| | |
|---|---|
|   September 3, 2015 | /s/ Paul L. Maloney |
| Date | Paul L. Maloney |
| | United States District Judge |